IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PATRICIA LUPOLE, Administrator of the )
Estate of Gary Lupole, deceased, )
)
    Plaintiff, )
) Civil Action No. 7:17-cv-00355
v. )
) By: Elizabeth K. Dillon
UNITED STATES OF AMERICA, and )     United States District Judge
CHESLEY HINES, M.D., )
)
    Defendants.

**MEMORANDUM OPINION AND ORDER**

This is a wrongful death action brought by Patricia Lupole, Administrator of the Estate of Gary Lupole, against the United States of America[1] and Chesley Hines, M.D. Dr. Hines moves to strike Lupole's rebuttal expert witness reports. (Dkt. No. 90.) He argues, generally, that four rebuttal medical expert witness reports submitted by Lupole are not proper rebuttal reports under the Federal Rules of Civil Procedure. For the reasons stated below, the court disagrees, and Dr. Hines' motion is denied.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that a rebuttal expert disclosure can be made after the opposing party's disclosure "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Case law in the Fourth Circuit explains that rebuttal evidence is "evidence provided by a party 'to explain, repel, counteract, or disprove facts given in evidence by the opposing party.'" *Scott v. Clarke*, Civil Action No. 3:12-cv-00036, 2014 WL 5386882, at *4 (W.D. Va. Oct. 22, 2014) (quoting *United States v. Moore*, 532 F. App'x 336, 338 (4th Cir. 2013)); *see also United States v. Byers*, 649

---

[1] The claims against the United States were dismissed as time-barred. (8/22/18 Mem. Op. and Order, Dkt. No. 81.)

F.3d 197, 213 (4th Cir. 2011) ("Rebuttal evidence is defined as evidence given to explain, repel, counteract, or disprove facts given in evidence by the opposing party" or "that which tends to explain or contradict or disprove evidence offered by the adverse party"). Proper rebuttal is "introduced only to counter new facts presented in the [adversary's] case in chief," including either "surprise evidence" presented by the other party or "evidence unavailable earlier through no fault of the plaintiff." *Allen v. Prince George's Cnty., Md.*, 737 F.2d 1299, 1305 (4th Cir. 1984). A party "may not use rebuttal as an attempt to introduce evidence that he should have introduced in his case-in-chief." *Steele v. Kenner*, 129 F. App'x 777, 780 (4th Cir. 2005).

Lupole offered rebuttal reports from the following experts: Dr. Bennett D. Cecil (gastroenterology), Dr. Alain Ades (gastroenterology, hepatology, internal medicine), Dr. Peter Schulman (cardiology), and Dr. Arnold M. Schwartz (pathology). Lupole argues that these reports are offered to "repel, counteract, or disprove" the expert opinions offered by defendants in this action. The court agrees. For example, Dr. H. Richard Allen (gastroenterology), Dr. Herbert Bonkovsky (gastroenterology), and Dr. Edward V. Platia (cardiology) asserted in their expert disclosures for Dr. Hines that Mr. Lupole did not die from liver cancer, but from an independently-caused myocardial infarction (MI).[2] In response, Dr. Cecil explains that cancer causes a hypercoagulable state in which the patient has a nearly threefold risk of an MI caused by the cancer, as compared to patients without cancer. Thus, Dr. Cecil explains that even if Mr. Lupole suffered an MI on February 2, 2012, there is a strong causal link between his liver cancer and a heart attack. (*See* Ex. 2, Dkt. No. 93-12 page 3 of 9.) This is just one of several examples detailed in Lupole's briefing. Lupole's briefing clearly demonstrates that the anticipated

---

[2] On October 1, 2018, Dr. Hines adopted the expert report of the United States' witness Dr. William A. Fintel, and supplemental briefing was filed with regard to rebuttal of his expected testimony.

2

testimony of its rebuttal experts indeed rebuts the opinions of Dr. Hines' experts, including Dr. Fintel.

More generally, Dr. Hines takes issue with the fact that while Lupole disclosed only one medical expert witness in her initial disclosure (from Dr. Cecil), Lupole is now attempting to introduce three new medical expert witnesses in rebuttal. This argument glosses over the fact that Dr. Hines introduced three medical experts in response to the one initially disclosed by Lupole. Dr. Hines also argues that the rebuttal experts should have been disclosed initially because it was not a surprise that the predominant issue in this case is whether Mr. Lupole died as a result of hepatocellular cancer (HCC). Dr. Cecil provided an opinion on causation in his initial report, and Dr. Hines responded with doctors from a variety of fields and specialties to counter that evidence. Lupole was not required to anticipate the array of medical opinion evidence that Dr. Hines would marshal to undermine Dr. Cecil's initial expert report.

For these reasons, Dr. Hines' motion to strike Lupole's expert witness rebuttal reports (Dkt. No. 90) is **DENIED**. To the extent any rebuttal opinions offered at trial exceed the scope of proper rebuttal testimony, Dr. Hines may object appropriately.

Entered: September 24, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge